UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

BONNIE L. RUSSELL,                )
                                  )
        Petitioner,                )
                                  )
v.                                )    Nos.: 2:14-cv-162; 2:07-cr-28(1)
                                  )    *Greer/Inman*
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.                )

## MEMORANDUM OPINION

Federal inmate Bonnie L. Russell ("petitioner") brings this *pro se* letter motion to vacate, set aside, or correct a sentence[1] under 28 U.S.C. § 2255, (Docs. 34 and 37).[2] However, the United States will not be ordered to respond and, for the reasons which follow, this motion will be dismissed.

Following her guilty plea, petitioner was convicted of one count of possession with the intent to distribute 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(2). Her judgment of conviction, fixing a total effective sentence of 120 months' imprisonment, was entered on February 22, 2008, (Doc. 23).

Title 28 United States Code § 2255(f) provides, in pertinent part:

---

[1] Though docketed originally as a motion to reduce sentence, (Doc. 34), the letter is being treated as a motion to vacate under § 2255, (Doc. 37).

[2] All citations to the record refer to petitioner's criminal file.

>	(f)	A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>	(1)	the date on which the judgment of conviction becomes final;
>
>	. . .

By the terms of the statute, the one-year limitations period begins to run when the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner did not file a direct appeal and, thus, her conviction became final 10 days after entry of the judgment order, upon the lapse of the time for filing a notice of appeal to the Sixth Circuit. Fed. R. App. P 4(b)[3]. Because her conviction became final on March 7, 2008, *see Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001) ("[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review."), petitioner would have had one year from that date, to wit, March 7, 2009 at the latest, to file her § 2255 motion.

The Court will consider petitioner's § 2255 motion to have been filed in the Clerk's Office on January 25, 2014, the date on the letter, under the "mailbox" rule. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*citing Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Consequently, because the statute of limitations expired on March 7, 2009, as to petitioner's § 2255 motion and because she did not file her motion until January 25, 2014, it is clearly time-barred.

Even so, courts may review time-barred motions under the doctrine of equitable tolling provided "a litigant's failure to meet a legally-mandated deadline unavoidably

---

[3] Effective December 1, 2009, the rule was revised to extend the time to file the notice of appeal to 14 days. *See* Advisory Committee Note to 2009 Amendment to Fed. R. App. P. 4. However, the 10-day rule would have governed the filing of petitioner's notice of appeal.

2

arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted). A petitioner is "'entitled to equitable tolling' only if [s]he shows '(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010)). A petitioner "bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Nothing which is alleged by petitioner in her motion or which is apparent on the face of the record satisfies the diligence or extraordinary-circumstance factors, such that equitable tolling would be warranted in this case.

Accordingly, this motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and this case **DISMISSED**. Under 28 U.S.C. § 2253(c)(2), the Court must now decide whether to grant petitioner a certificate of appealability. A certificate should issue if petitioner makes a "substantial showing of a denial of a constitutional right." 28U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, as has been done here, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If there is a plain procedural bar and the district court is correct to invoke it to resolve the

case, and a reasonable jurist could not find that either that the dismissal was error or that the petitioner should be allowed to proceed further, a COA should not issue. *Id*.

This motion is being dismissed on a procedural ground — as barred by § 2255(f)'s statute of limitations. The Court now concludes that reasonable jurists could not find that the dismissal of this § 2255 motion is debatable or wrong. Therefore, a certificate of appealability shall not issue.

A final note is in order. Typically, the Court would not recharacterize the letter as a § 2255 motion because of potentially adverse consequences attached to filing of another § 2255 motion. One of those consequences is that any that subsequent motion would be subject to the restrictions on "second or successive" motions in 28 U.S.C. § 2255(h). *See Castro v. United States*, 540 U.S. 375, 382 124 S.Ct. 786, 792, 152 L.Ed.2d 778 (2003) (before a *pro se* litigant's motion may be recharacterized as a first § 2255 motion, the district court must give certain warnings); *accord, In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

Warnings about those consequences need not be given in this case because the present motion, though it is petitioner's first motion to vacate, is time-barred and none of those disadvantages attach to the treatment of the letter as a § 2255 motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) ("Since any § 2255 motion filed by Appellant in the instant case would be time barred, the district court's failure to notify Appellant of the recharacterization was harmless."); *United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002) (Where a motion to vacate is time-barred, providing notice is "an exercise in futility."); *Brock v. United States*, 2010 WL 348296, *1, n.1(S.D.Ohio, Jan.

4

26, 2010) ("However, the concerns of *In re Shelton*, i.e., that the "recharacterized petition may be his first and only chance to seek relief under § 2255," are not applicable here, since petitioner's § 2255 [motion] is time-barred.") (internal citation omitted). Furthermore, it is not altogether clear that petitioner's filing actually is being "recharacterized," given that the only labels attached to the document were "letter to judge" and "*Pro S*e motion for relief," without any further indication as to what kind of motion she intended to present to the Court.

      A separate order will enter.

      **ENTER:**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
